ANN STOOPS, Respondent, v. GOTTLIEB WITTLER, Administrator of F. W. WITTLER, Appellant.

March 7, 1876.

In the absence of fraud or collusion, payment, or a clerical error in the entry, a judgment against the principal, where the surety has been a party defendant and has filed an answer, will be conclusive against such surety, though the suit was dismissed as to him before the trial.'

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Gottschalk*, for appellant, cited: Lartique v. Baldwin, 5 Marlon, 193; Beall v. Beck, 3 Har. & M. (Md.) 242; McKeller v. Powell, 4 Hawks (N. C.), 34; Mooris v. Lucas, 8 Blackf. (Ind.) 9; King v. Norman, 4 C. B. 884; Hermann on Estop. 49, 51; 1 Wag. Stat. 269, sec. 1; Freem. on Judg., sec. 189.

*M. Kinealy* and *Daniel Dillon*, for respondent, cited: Roger v. Williams, 4 McLean, 577; 1 Greenl. on Ev., secs. 522, 523; State, to use, v. Coste *et al.*, 36 Mo. 437; State of Ohio, etc., v. Colerick, 3 Ham. (Ohio) 487; 1 Pars. on Notes & Bills, 207, and notes.

BAKEWELL, J., delivered the opinion of the court.

Plaintiff proved up, in the Probate Court, a demand against the estate of Frederick W. Wittler, deceased, founded on a promissory note by one Henry Wittler, payable to plaintiff, and on the back of which F. W. Wittler had written his name as surety. On trial anew in the Circuit Court, defendant admitted that deceased had written his name on the note as surety for the maker, and the note was read in evidence. Defendant then offered to show, in defense of the claim, that there was a total failure of consideration for said note as between plaintiff, the payee, and Henry Wittler, the maker, for whom deceased, Frederick W. Wittler, defendant's intestate, was surety. To the introduction of this evidence plaintiff objected, on the ground that the facts

relied upon as a defense by the surety had been fully adjudicated and determined in a suit between the plaintiff herein and Henry Wittler, the maker of the note in question, and that judgment was obtained therein against said Henry Wittler, which judgment is still in force and unsatisfied ; and it appearing, by an inspection of the record in said suit, that the fact is as stated, the record of that suit was offered in evidence, whereby it further appeared that deceased was originally a party defendant, and, together with Henry Wittler, filed a joint answer thereto ; and the jury was instructed by the court that, on the evidence and admissions, plaintiff is entitled to recover.

There was a verdict and judgment for plaintiff, and, all exceptions having been saved, and a motion for a new trial overruled, the case is brought to this court by appeal.

In *Greerside* v. *Benson*, 3 Atk. 252, Lord Hardwicke held a judgment against the principal debtor conclusive in an action against the guarantor. But the rule is not established in this country, and the decisions are conflicting.

It has been repeatedly held, in actions on bonds against the sureties of executors and administrators, that a judgment against the estate of the testator or intestate is conclusive on the sureties ; but in those cases the form of the bond is such that they are not in point.

The question is elaborately discussed in *Douglas* v. *Howland*, reported in 24 Wend. 58. The Superior Court held a judgment against the principal conclusive against the surety, and, on appeal, this decision was reversed. Judge Cowen delivered the opinion of the court, and reasons, at great length and with force, in favor of the rule that, in a suit against the surety, the judgment against the principal should not be conclusive ; and he cites two cases, one in Maryland and one in North Carolina, in support of his view. His attention does not appear to have been called to *Slee* v. *Bloom*, 20 Johns. 669, decided by the Court of Errors in 1822, with which his ruling does not seem to be in

accord. The opinion in this case is by Ch. J. Spencer, the weight of whose name is very great.

In *Berger* v. *Williams*, 4 McLean, cases bearing upon this question are reviewed, and the opinion of Judge Cowen, cited above, is particularly examined.

The case turns upon this point, and the Circuit Court of the United States, for the seventh circuit, decides that the surety is concluded by a judgment against his principal. In our own State there has been no authoritative decision on this point. In *State, to use*, v. *Coste*, 36 Mo., it was decided that a judgment in favor of the principal is a complete discharge to the surety; but that a judgment against the principal would conclude the surety is quite another proposition, and one that must rest upon grounds entirely distinct from those which are manifestly sufficient reasons for the former rule.

*Stewart* v. *Thomas*, 45 Mo., is a case which essentially differs from the one under consideration. Judgments had been rendered against the sheriff on his bond for an unlawful levy, and he afterwards sued the plaintiff in the execution on his bond of indemnity. It was held that the latter might make any defense that could have been made in the original suit against the sheriff, and that notice, with an opportunity of making this defense, should have been given to the plaintiff in the execution at the time of the first suit; otherwise, the judgment is but *prima facie* evidence of his liability on the bond. In that case the defendant had given the sheriff a bond to indemnify him from all loss or damage on account of a certain seizure and sale. When the claimants of the property sued the sheriff, he gave no notice to the party who had given him an indemnifying bond, and made no defense, but suffered judgment by default against him, when he had a good defense. He was damaged, therefore, not by the seizure and sale, but by his own laches in making no defense and giving the defendant no opportunity to make one, which he might have done in the original suit. The opinion

of the court is delivered by Judge Bliss, who says: "It: would be contrary to the first principles of justice to hold a person conclusively bound by a judgment who was not a party to the proceeding, and who had no opportunity to appear and defend, or assist the defense, even if there was no actual fraud; much more so when there was a good defense and judgment by default. In such case, where there is an obligation to indemnify the person against whom a judgment is rendered, in a suit to enforce such obligation the defendant should be permitted to make any defense which could have been made to the original suit. Notice, with opportunity of making defense, should have been given defendants; otherwise, the judgment is but *prima facie* evidence of defendants' liability on their bond. Defendants' general liability on their bond to indemnify plaintiff against all damages is to be distinguished from a liability to pay a judgment, or to do something dependent on the result of a specific litigation."

The reasoning of the learned judge is upon the case presented, which was similar to, and yet essentially different from, the one at bar. In *Stewart* v. *Thomas* the sheriff had a good defense, and let judgment go by default, without notice to the parties that covenanted to indemnify him; yet, even there, the court says that the judgment was *prima facie* evidence against the surety, and intimates that, with notice, it might have been conclusive. In the case before us, notice was given, the defense was made, and judicially passed upon and found worthless.

The rule is that a judgment binds none but parties and privies. This rule is not entirely without exceptions, and it is held that the court will not always again decide precisely the same questions about the same subject-matter, although the parties may be changed. If the defendant in the case before us was not a party to the suit against his principals, he can hardly be said to have been a stranger to it. He had notice, for he was at one time a party defend-

ant, and filed an answer, as the record shows. The suit was dismissed as to him before trial—for what reason does not appear, and can be of no importance, as, if it was dismissed for his death, that did not do away with the fact of notice. If notice is to be regarded as necessary, it was given. As to its necessity, we need not decide.

The action of the Circuit Court in this case, and its direction to the jury, was, in effect, a declaration of law that, in the absence of fraud or collusion, payment, or a clerical error in entering the judgment, a judgment against the principal is conclusive against the surety, though he be not a party to the suit, if he have notice of the proceeding, or, at least, where he has been a party defendant and has filed an answer, though before trial the suit be dismissed as to him.

We incline to think that such a declaration of law has the support both of reason and authority. In the absence of fraud, the judgment against the principal established, we think, the liability of the surety. If there was fraud, the surety may show it; if there was a mistake in the entry of the judgment, he may show that. The right of the plaintiff to recover on the note has been once settled after a contest, and, had the judgment been the other way, the surety might have pleaded it as a bar to this action. The right to recover from the maker of the note having been decided, the liability of the surety would seem to follow as a matter of course; he has agreed to pay this debt, if it were a genuine debt, for which his principal was liable, and the judgment, in the absence of fraud, seems to establish that liability.

The judgment of the Circuit Court is affirmed. The other judges concur.