HAMILTON, *Appellant*, v. BERRY.

1. **Verdict Against Weight of Evidence.** The court again declares that where the record contains evidence both ways upon a disputed question of fact, the judgment will not be reversed on the ground that it is against the weight of evidence

2. **Principal and Agent: EVIDENCE.** A letter written by a third person should not be received in evidence against a party to a suit

unless the writer is shown to have been the agent of the party, and not then unless it refers to a matter within the scope of his agency, and was written under such circumstances as to constitute part of the *res gestae.*

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*Robert T. Railey* and *A. Comingo* for appellant.

*R. O. Boggess* for respondent.

NORTON, J.—This is an action brought in the circuit court of Cass county for the recovery of 2,000 bushels of corn grown, as alleged in the petition, on the farm of plaintiff in said county, in the year 1874. The defendant answered and set up a partnership between himself and plaintiff formed in the year 1871, for the purpose of general farming on the land of plaintiff in said county, and for stock raising, stock feeding and grain raising; that the corn in controversy was grown upon said land during the existence of said partnership, and that the corn seized by the writ is and was at the time of such seizure, the property of said partnership. The reply of plaintiff admits the formation of the partnership as alleged in the answer, but avers that it was dissolved and ended prior to the 1st day of January, 1874, and that the corn in question was raised by his tenants in the year 1874, after said dissolution. Upon a trial of the cause defendant obtained judgment, from which the plaintiff appeals, and assigns for error that the verdict is against the evidence, and that the court erred in admitting illegal and irrelevant evidence, to his prejudice.

It will, therefore, be seen that the material issue in the case was, whether the partnership between plaintiff and defendant was continued through the year 1874, or had been dissolved prior thereto. Plaintiff swore positively

12—74

that it had been so dissolved, and defendant as positively that it had not, and as it was for the jury to determine the question, and there was evidence before them tending to prove and also to disprove the fact in dispute, we will not, under a rule long since established by this court, interfere with the verdict on the ground that it is against the weight of evidence.

During the trial defendant offered, and was allowed to read over plaintiff's objection, a letter dated January 22nd, 1874, written to defendant by Samuel Fulton. This letter was clearly inadmissible, as it was not pretended or shown that Fulton was the agent of plaintiff. The defendant also offered in evidence three letters written by Archie L. Hamilton from Buffalo, Illinois, dated respectively, March 22nd, May 8th and May 15th, 1874, and also one dated Kansas City, November 19th, 1874. These letters were irrelevant and are nothing more than hearsay. It is not shown that they were written by the authority of plaintiff, or that the writer, who was a son of plaintiff residing in Illinois, was the agent of plaintiff in reference to any matter to which the letters related. These letters related to some settlement to be made between plaintiff and defendant. The only evidence tending to show an agency of the writer was that of plaintiff, who stated that his sons Archie and Ashbie were his agents in the management of his farm in Cass county, and had been for several years. There was nothing to show that either of them was his agent in reference to a dissolution of the partnership or of any settlement to be made growing out of such dissolution. The evidence was calculated to deceive or mislead the jury in this, that they might have inferred that settlement was necessary in order to a dissolution of a partnership as between the partners, and that, as the letters tended to show that no settlement had been made, therefore, there had been no dissolution. The utmost extent to which the agency of the writer of these letters went was, that he was the agent of plaintiff in managing the farm. The contents of these letters did

not relate to matters within the scope of the agency, nor were they written under such circumstances as to constitute a part of the *res gestae*, and under the authority of the case of *McDermott v. Hannibal & St. Joseph R. R. Co.*, 73 Mo. 516, the evidence was improperly admitted. Judgment reversed and cause remanded, in which all concur.