WILLIAM ZOLLMAN, Appellant, v. JAMES W. TARR, Respondent.

**Kansas City Court of Appeals, March 3, 1902.**

Evidence: LOST INSTRUMENT: SECONDARY TESTIMONY. Before secondary evidence of the contents of a written instrument can be admitted, the existence and execution of such instrument must be established and its loss shown.

Appeal from Cedar Circuit Court.—*Hon. H. C. Timmonds,* Judge.

REVERSED AND REMANDED.

*Ira E. Barber* and *Cole, Burnett & Moore* for appellant.

(1) The court committed error in permitting defendant's witness Bid Evans to testify to the contents of the note or letter, mentioned in the abstract of the testimony, for the reasons that it is not shown by the evidence: First. That the pretended note was in Zollman's handwriting. Second. That Zollman signed, authorized, or in any manner executed any such note at any time. Third. That Zollman ever at any time delivered any such note to any one. Bank v. Berthold, 45 Mo. 527; Hamilton v. Berry, 74 Mo. 176; Perry's Administrator v. Roberts, 17 Mo. 36; Attwell v. Lynch, 39 Mo. 519; Holman v. Bacchus, 24 Mo. App. 629; Gunther v. Burnett (Md.), 19 Atlantic Rep. 1048; Gould v. Trow-

Zollman v. Tarr.

bridge, 32 Mo. 291; Yost v. Mench (Pa.), 21 Atl. 507; 27 W. N. C. 562; Boone v. State (Ga.), 12 S. E. 205, 86 Ga. 108; Stevens v. The State of Kansas, 50 Kan. 712; Bolton's Estate (Pa. Orph. Ct.), 14 Pa. Co. Ct. R. 575; Id., 3 Pa. Dist. R. 268; Angell v. Loomis, 55 N. W. Rep. 1009; Combs v. Commonwealth (Ky.), 25 S. W. 590; Blondeau v. Sheridan, 81 Mo. 556; Garbutt Lumber Company v. Gress, etc., 35 S. E. 686, 111 Ga. 821; Kelsey v. Hanmer, 18 Conn. 311; Embry v. Millar, 8 Ky. (1 A. K. Marsh) 300, 10 Am. Dec. 732; Moor v. Cary, 42 Me. 29; Young v. Mackall, 4 N. B. 362; Slocum v. Bracy, 65 Minn. 100, 67 N. W. 843; Boatman v. Curry, 25 Mo. 433; Brinkman v. Luhrs, 60 Mo. App. 512; Nichols v. Kingdom Iron Ore Company, 56 N. Y. 618; Porter v. Wilson, 13 Pa. St. 641; State v. Fannon, 158 Mo. 157; State v. Imboden, 157 Mo. 87; McPherson v. Rathbone, 7 Wend. 216; McReynolds v. McCord, 6 Watts 288; Hampshire v. Floyd, 39 Texas 103; R. S. 1899, sec. 3419; Ringer v. Holtzclaw, 112 Mo. 524; Delventhal et al. v. Jones, 53 Mo. 463.

*Hastin & Nelson* for respondent.

SMITH, P. J.—The case disclosed by the record seems to be about this: The plaintiff claimed that he sold the defendant a threshing machine for $1,200, and that the defendant had paid him $800 of the purchase price and had refused to pay the remaining unpaid $400. The defendant's defense to the plaintiff's demand was that the purchase price agreed on for the threshing machine was only $800, which amount he had paid plaintiff and so did not owe the $400 demanded by the plaintiff. There was a trial in the court below when the defendant had judgment.

During the progress of the trial the defendant called one Bid Evans as a witness in his behalf, who, over plaintiff's objections, was permitted to testify that a short time before the

sale of the machine by plaintiff to defendant, that plaintiff went to his (witness's) home during his absence and then left a note for him in which he (plaintiff) proposed to take $1,000 for the machine in mules, cattle or cash. It appears that the witness was then unacquainted with plaintiff and had never seen him write his name—did not know his signature, and besides, the witness did not know except by hearsay that the note was left by plaintiff for him. The witness further testified that he did not know where the note was or what had become of it. There was no evidence tending to prove the signing of the note by plaintiff, nor that the signature to the note was his.

It is needless to cite authority to show that the admission of secondary evidence of the contents of the note, under the circumstances just stated, was improper. If the existence and execution of the note had been established, followed by proof of its loss, then secondary evidence of its contents would have been admissible. Perry v. Roberts, 17 Mo. 36; Attwell v. Lynch, 39 Mo. 519; Hamilton v. Berry, 74 Mo. 176; Holman v. Bacchus, 24 Mo. App. 629.

As the evidence touching the contract price of the machine was rather evenly balanced, we can not say what effect the admission of the proof of the contents of the note, as testified to by witness Evans, had on the mind of the jury in determining the issue, and we shall accordingly reverse the judgment and remand the cause. All concur.