HOME INSURANCE COMPANY OF NEW YORK, RESPONDENT, v. HENRY P. SAVAGE ET AL., DEFENDANTS, J. E. WOOD ET AL., APPELLANTS. —103 S. W. (2d) 900.

Kansas City Court of Appeals, April 5, 1937.

*Livengood & Weightman* for respondent.

*Allen & Hunt* for appellants.

SPERRY, C.—The Home Insurance Company of New York, a corporation, was plaintiff below and sued Henry P. Savage, as principal, and Chas. L. Muinch and J. E. Wood, defendants, as sureties, on a bond. The parties will be referred to in this court as plaintiff and defendants.

Defendant Savage was appointed as subagent of plaintiff with authority to write insurance policies, and collect premiums, and gave a surety bond in the sum of $500, conditioned upon his accounting for all funds coming into his hands and belonging to plaintiff, and reimbursing plaintiff for any expense in collecting thereon. Defendants Muinch and Wood are alleged to be the sureties on said bond. Savage defaulted in the alleged sum of $236.49, and, after de-

mand and refusal to pay, all three defendants were sued for the sum of $236.49, plus $125 attorney fees. Savage failed to appear and defend, and, after hearing evidence, the court rendered default judgment against him in the sum of $361.49. Defendants Muinch and Wood filed separate answers, and trial was had as to them, resulting in a mistrial. In due time another trial was had, and the jury found for plaintiff against both Muinch and Wood, in the sum of $361.49. From this judgment, the two named defendants have duly appealed.

Defendants claim error upon the ruling of the court whereby photostatic copies of the signatures of defendants on the bond in question were excluded. The bond itself was in evidence, and defendants claimed the signatures were forged. Handwriting experts testified for defendants, and in connection with their evidence photostatic copies of the bond, showing the disputed signatures, were offered for the purpose of comparison with the originals shown on the bond and with other admittedly genuine signatures. No other reason was given in support of the offer. In their brief, defendants refer to the photostatic copies as "enlarged." Whether or not the fact that they are "enlarged" photostatic copies would change the rule of evidence is not a question before us. The general rule is that secondary evidence is not admissible where the original is in evidence. [Zollman v. Tarr, 93 Mo. App. 234.] It has been held by this court that transparent photostatic reproductions or original checks in evidence are admissible in forgery cases. [Vanausdol v. Bank of Odessa, 5 S. W. (2d) 109, 1. c. 117.] In that case there might be a good reason for admitting such a photostatic copy. It might aid in detecting the forgery. But an indispensable preliminary to the admission in evidence of any photograph is preliminary proof of the conditions under which it was taken, such as whether or not it truly represents the situation as it really existed upon the date under investigation, the kind of chemicals used, the kind of lenses, etc. [22 C. J. 919; Geer et al. v. Missouri Lumber & Mining Co., 134 Mo. 85, 1. c. 97; First National Bank of Paducah v. Wisdom's Exrs., (Ky), 63 S. W. 461, 1. c. 465; Smart v. Kansas City, 91 Mo. App. 586, 1. c. 598; Davison v. St. Louis & San Francisco R. R. Co., 164 Mo. App. 701, 1. c. 713.] The admissibility of such evidence is largely within the discretion of the trial court, and, unless that discretion is abused, his ruling will not be disturbed on appeal. [22 C. J. 921; Scrivner v. American Car & Foundry Co., 50 S. W. (2d) 1001, 1. c. 1008, 1009.] Defendant offered no evidence as to the conditions under which the photographs were taken except a statement by one of defendants that they were taken in his presence by a photographer whose name he gave. We held that the court did not abuse his discretion in excluding all the photostatic copies offered because

they were not shown to be admissible under evidence then before the court.

The next error urged is the ruling by the trial court, over timely objection, that plaintiff might prove the amount of damages due under the bond, by the introduction in evidence of the record default judgment against Savage. No other evidence tending to establish the amount of damages due plaintiff from these two sureties was offered. Defendants claim that in this action plaintiff sought a money judgment against them and should have been required, in this trial, to prove the amount of damages due; and that the introduction of the record judgment obtained by default of the principal was not the proper method of proving it. When plaintiff sued the principal and his sureties in this action, and the principal defaulted, the judgment rendered against the principal was admissible in evidence against the sureties to establish the default and fix the measure of damages; and such record judgment is *prima facie* proof thereof. [Vulcan Steam Shovel Co. v. Cobb, 199 S. W. 448, l. c. 450; Calhoun v. Gray et al., 150 Mo. App. 591, l. c. 597; Stoops v. Wittler, Admr., 1 Mo. App. 420, l. c. 424; United States, to the Use of Fidelity Nat. Bank, v. Rundle, 107 Fed. 227, l. c. 230; 21 R. C. L. 1088, 1089; 50 C. J. 199.] Many authorities hold that a judgment against the principal, obtained under circumstances identical with those here, absent fraud, collusion or clerical error in its entry, is conclusive on the sureties. We need not discuss that proposition here. We have found no case holding that such a judgment is not *admissible* as *prima facie* proof. Here defendants offered no evidence in rebuttal on the question of the principal's liability. The only evidence offered was that having as its purpose the proof that the signatures of the sureties were forged and were not genuine. The proof offered by plaintiff was sufficient when it went unchallenged.

Defendants next contend that the court by instruction took from the jury the question of the measure of their liability and the amount of damages that it should find if it found for plaintiff. They complain that this is in violation of Section 973, Revised Statutes Missouri 1929. Defendants offered no instruction on the amount of damages but confined their instructions to those dealing with the issue of forgery. There was no evidence before the jury on the amount of damages except that of the record judgment, the amount of which being the amount the jury was instructed to find in the event it found the issues for plaintiff. The verdict was for this amount. When the amount is not in dispute, as in the case of a promissory note, the court may direct a verdict for the amount due. [Home Trust Co. v. Josephson, 95 S. W. (2d) 1148; 105 A. L. R. 1063, l. c. 1074.] This late case by the Supreme Court en banc is followed in State ex rel. Witte Hardware Co. v. McElhinney, 100

S. W. (2d), (St. Louis) 36, l. c. 39. The principle upon which the Home Trust Company case, *supra*, rests is that where the amount is not controverted it is merely a ministerial act to calculate the amount. While in that case the amount was not controverted and plaintiff was entitled to a directed verdict, whereas in this case a directed verdict would have been improper because of the issue of forgery, yet the record judgment against Savage was undisputed and it was the only evidence offered by either party on the amount of damages. When it remained at the close of the case unassailed and unimpeached, it became conclusive of the points therein litigated. Therefore, there was no issue made on the subject of amount of damages, and no evidence from which a jury could have found a different amount than that named by the court in the instruction. The principle involved in the case at bar and in the Home Trust Company case, *supra*, is the same. We rest this decision upon that case and hold that the instruction complained of did not violate Section 973, Revised Statutes Missouri 1929, because there was no controversy raised in the evidence on the amount of damages, and no other amount could have been adjudged by the jury. The judgment thus became conclusive and binding as to the amount thereof.

Lastly, it is urged that plaintiff's instructions four and five conflict. We hold that said instructions do not conflict, and that any apparent inconsistency between them was in favor of defendants. Amount of damages found is the only amount the jury could properly find if it found for plaintiff at all. There is no error of which defendants may complain. [38 Cyc. 1067; 64 C. J., Sec. 600, page 681.] The judgment is affirmed. *Campbell, C.*, concurs.

PER CURIAM:—The foregoing opinion by Sperry, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.