**William H. FOX, Respondent,**

v.

**CITY OF KANSAS CITY, Missouri, a Municipal Corporation, Appellant.**

**No. 23209.**

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1960.

Richard H. Koenigsdorf, John J. Cosgrove, Robert A. Meyers, Kansas City, for appellant.

Henry L. Graf, Kansas City, for respondent.

CROSS, Judge.

The defendant city appeals from an adverse judgment for $6,666.60, entered upon a jury verdict awarding plaintiff damages for personal injuries claimed to have resulted from the city's negligence.

Defendant raises one point only—that the court erred in excluding a photograph offered in evidence.

On the night of April 21, 1956, at about 11:30 P.M., plaintiff was walking on a sidewalk of the city, as he was returning to his home from work. He tripped on a raised portion of the walk and fell, sustaining injury. Plaintiff seldom used that particular sidewalk, and didn't know the raised portion was there. He testified he was watching where he was walking but could not see the raised portion, because it was in the shadow of a tree; that it was dark and he couldn't distinguish anything there as he walked along.

A street light was located outside of and near the sidewalk at the place where plaintiff fell. Two other street lights were maintained on the opposite side of the street, at distances in excess of 86 feet. The three lights were in operation at the time in question. A tree stood between the walk and the curb in immediate contact with the raised section of the walk.

The city offered in evidence Exhibit No. 3, a photograph of the raised sidewalk

section taken at night on December 9, 1959, by illumination coming from the street lights only. The trial court refused admission of the exhibit.

Defendant contends that Exhibit No. 3 was erroneously excluded from the evidence. The photograph was offered for the sole purpose of showing that the sidewalk was lighted and not obscured by shadow, and to contradict the testimony of plaintiff that the walk was dark.

The city argues that the photograph "told the truth about the lighting conditions as they existed at the scene of the accident from 1947 to 1959". It says that the light, the tree and the sidewalk all were in the same position in the picture as they were in when plaintiff tripped and fell, and that since the picture showed the sidewalk without obscuring shadow, it could not be dark and obscured by shadow as plaintiff testified.

██ The admission of a photograph in evidence is proper only upon a showing by extrinsic evidence that it is a true and faithful representation of the subject, place or condition it purports to represent, as it existed at the time pertinent to the inquiry. Whether a photograph is sufficiently verified as such representation is a preliminary question to be determined by the trial court. The admission or rejection of a photograph rests in the sound discretion of the trial judge. His ruling will not be disturbed on appeal unless shown to be in abuse of that discretion. Home Insurance Company of New York v. Savage et al., 231 Mo.App. 569, 103 S.W.2d 900.

Exhibit 3 shows an area of shadow cast by the tree upon the raised sidewalk section. The photograph was taken in December, 1959, when the tree was bare of foliage. Plaintiff's casualty occurred in the spring of 1956. The question arises: On the night of April 21, 1956, were the shadows on the sidewalk the same as they were shown in the picture, or were there additional shadows cast by new foliage?

Defendant says: "Everyone in this locality knows that foliage begins to come out on trees sometime in April or May, depending on the weather in the particular year". Thirteen photographs were offered by defendant and admitted in evidence to show the condition of the tree foliage in the city generally. They were taken by the accident investigation unit of the police department at various places in the city between April 22, 1956 and April 30, 1956. None of the exhibits were made at the place of plaintiff's accident.

Defendant also says in its brief that no one on earth could recreate, at a later date, the foliage on the tree as it existed on April 21, 1956, and that the changes in the foliage were explained as accurately as possible.

Regardless of reasons for its absence, we do not find evidence in the record relative to the quantity or location of foliage on the tree at the time of plaintiff's fall. Defendant has introduced testimony from which it can reasonably be found that some new foliage was in growth. There is no proof in the case that the conditions relative to the tree and the shadows on the sidewalk on April 21, 1956, were the same as shown in the photograph—or, even if changes had occurred, their nature. It is our view that such proof was necessary to verify the exhibit and prerequisite to its proper admission in evidence. Dell'Aria v. Bonfa, Mo., 307 S.W.2d 479.

Defendant attempted to verify the photograph by four witnesses. Plaintiff was asked on cross examination if the picture was a fair representation of the way the sidewalk appeared on the night of April 21, 1956. Plaintiff testified: "No. It was shaded more than that".

The photographer who took the photograph did not testify that it represented the

appearance of the sidewalk on the night of April 21, 1956.

When defendant's witness Cora Gatney was asked if the photograph was "a fair representation of it", she first answered, "No, that is kind of dark over here, see, but that is the sidewalk all right". When the question was repeated, she said: "That is about like it". Counsel for defendant then asked, "You say it is?" The witness answered, "Yes, it is". After a colloquy held in the jury's absence, the court stated the witness had only said "about like that" and permitted further interrogation of the witness before the jury. She made the following answer: "A. That there (indicating), that don't look right to me there. It was kind of clear. In fact I like this one right here (indicating). I kind of walked on like that (indicating). I don't remember seeing this here (indicating) though. This here (indicating) was clear, about like it is now".

Mrs. Frances Parscale, testifying for defendant, was also asked if Exhibit 3 was a fair representation of the sidewalk on the evening of April 21, 1956, with respect to the lighting conditions. Her answer was: "Well, I think it is a little lighter myself. This looks kind of dark".

In our opinion the quoted testimony did not verify the exhibit as a true representation of the conditions it purported to show.

The exclusion of the exhibit by the trial court is supported by other principles. It is recognized by science and legal authority that when a casualty occurs at night it is doubtful that lighting conditions can be reproduced photographically as they appeared to the participant. The difficulty is caused by the difference in imaging capacity between the human eye and photographic film.

The camera has no limitation on its power to record dimly lighted scenes. The human eye, after adapting to darkness, gains little acuity of vision. Burt, Legal Psychology, page 24. This is not true of photographic film. As exposure time is increased it will record more and more. With sufficient exposure, by moonlight only, a picture can be made of a highway or street that looks the same as one made at noon, except for a peculiar appearance of the shadows. It would be extremely difficult to calculate the proper time of exposure to photograph a night scene to make it appear exactly as it appeared to the eyes of a person.

For those reasons, night photographs should not be accepted as evidence of the relative brightness of a scene as it appeared to a person involved in an accident, unless their accuracy is clearly established in accordance with appropriate rules of evidence. See Scott, Photographic Evidence, pp. 101–102.

Plaintiff has briefed certain contentions which will not be considered, as we believe their determination is unnecessary for our decision.

We find no abuse of discretion or error in the trial court's refusal to admit Exhibit No. 3 in evidence.

The judgment is affirmed.

All concur.