**Harvey Taylor SWAGER, Plaintiff,**

**v.**

**MONKEM COMPANY, Inc., Employer, Mid-Continent Casualty Company, Insurer, Defendants-Appellants,**

**and**

**Sunflower Leasing Company, Inc., Employer, Insurance Company of North America, Insurer, Defendants-Respondents.**

**No. 8947.**

Springfield Court of Appeals, Missouri.

Nov. 11, 1970.

Edward G. Farmer, Jr., Joplin, for defendants-appellants.

John R. Martin, Joplin, for defendants-respondents.

HOGAN, Judge.

In this workmen's compensation case, Monkem Company and its insurer appeal from the Industrial Commission's finding that they are solely liable for an award of benefits to Harvey Swager, the plaintiff, in the amount of $14,584.55. It has been stipulated that Mr. Swager was in-jured in an accident arising out of and in the course of his employment as an over-the-road truck driver, and that the proceeding is governed by the Missouri Workmen's Compensation Act, Chapter 287, R.S.Mo.(1969), V.A.M.S.[1]  On this appeal, Monkem and its insurer contend (a) that Sunflower and its insurer should have been held solely liable for the award, or (b) that Monkem and Sunflower and their respective insurers should have been held jointly liable under that section of the Act, § 287.130, which provides that "[i]f the injury * * * occurs while the employee is in the joint service of two or more employers, their liability shall be joint and several."

At the outset, we are met with and must consider the respondents' motion to dismiss the appeal.  Notice of appeal was filed on July 8, 1969.  On October 6, 1969, the trial court granted an extension of time in which to file the transcript on appeal, but there is no record indication that the appellants complied with Rule 82.19, V.A.M.R., by ordering a transcript in writing from the court reporter within 30 days after filing the notice of appeal and filing a duplicate copy of the order in the case within 15 days thereafter.  Moreover, the respondents' motion incorporates a letter written to respondents' counsel by counsel for appellants Monkem and its insurer, in which counsel for Monkem states that he made no such written request.  Relying principally on Stigers v. Harlow, Mo., 419 S.W.2d 41, respondents maintain that the appeal must be dismissed for failure to comply with Rule 82.18, since the transcript was not actually filed until November 17, 1969, 42 days after the expiration of the 90-day period limited by Rule 82.18 for filing transcripts on appeal.  Appellants Monkem and its insurer have neither responded to the motion nor invoked the discretion of this court in any manner.

The rules which regulate the timely filing of transcripts on appeal have

1.  All references to statutes and rules, unless otherwise noted, are to R.S.Mo. (1969), V.A. M.S. and V.A.M.R.

been gone into and explained on so many occasions[2] that it seems scarcely necessary to restate the substance and intent of Rules 82.18 and 82.19 at this point. In Stigers v. Harlow, supra, 419 S.W.2d at 42, our Supreme Court explicitly ruled that although the trial court has authority under Rule 82.19 to extend the time for filing a transcript on appeal beyond the 90-day period limited by Rule 82.18, the September, 1962, amendment to Rule 82.19[3] constitutes a limitation on that authority, and if the transcript is not ordered in writing within the time and in the manner prescribed by Rule 82.19, the trial court cannot order the time extended. In addition, the record on appeal must show affirmatively that Rule 82.19 has been fully complied with. Stigers v. Harlow, supra, 419 S.W.2d at 42 [1, 2]. Appellate courts still have the discretionary authority to permit a transcript to be filed out of time, whether or not the transcript was ordered in writing, Rule 83.26; Jackson v. Haley, Mo., 432 S.W.2d 281, 282 [1]; and see generally Clader v. City of Neosho, supra, 354 Mo. at 1191–1192, 193 S.W.2d at 621–622 [1–4] [5–7], but the discretion of this court has not been addressed in any manner, and we cannot confidently say that the respondents were not prejudiced by the appellants' delay in filing the transcript. In these circumstances, the appeal must be dismissed. In re E———, supra, 416 S.W.2d at 680.

In our view, the appellants lose nothing by the dismissal. This is a leased trucklent employee case, factually similar to and governed by the legal principles held applicable in such cases as Dickhaut v. Bilyeu Refrigerated Transport Corp., Mo., 441 S.W.2d 54, and Patton v. Patton, Mo., 308 S.W.2d 739. Counsel for the appellants has very carefully briefed the case in this court, and we have gone over the record

and counsel's argument in some detail, but we cannot distinguish this case on appeal from the Dickhaut or Patton cases in any important respect. Bearing in mind that we are authorized only to determine whether the Commission could reasonably have made its findings and reached its result upon a consideration of all the evidence, and that we can set the Commission's finding aside only if it is contrary to the overwhelming weight of the evidence, Dickhaut v. Bilyeu Refrigerated Transport Corp., supra, 441 S.W.2d at 56 [1]; Stroud v. Zuzich, Mo., 271 S.W.2d 549, 550–551, we conclude that, were we considering the appeal on its merits, we would affirm the Commission's finding. For the reason noted, however, the appeal is dismissed.

STONE, J., concurs.

TITUS, P. J., took no part in the consideration or decision of this case.

---

2. See, for example, Clader v. City of Neosho, 354 Mo. 1190, 193 S.W.2d 620; In re E———, Mo.App., 416 S.W.2d 678, 679–680 [2–6]; City of Rolla v. Riden, Mo.App., 349 S.W.2d 255, 257 [1–3].

3. By which Rule 82.19 was amended to require that the transcript be ordered in writing from the court reporter within 30 days after the filing of the notice of appeal and that a duplicate copy of the written order be filed in the case within 15 days thereafter. The text of the Supreme Court's order appears 349 S.W.2d XXI, and 18 J.Mo.Bar 81.