Hart B. DONNELL and Edna L. Donnell, Plaintiffs-Appellants,

v.

VIGUS QUARRIES, INC., a corporation, and Fred Weber Contractor, Inc., a corporation, Defendants-Respondents.

No. 34402.

Missouri Court of Appeals, St. Louis District.

Dec. 19, 1972.

Pannell, Dodson & Robinson, Festus, Gregory D. O'Shea, St. Louis, for plaintiffs-appellants.

Earl R. Blackwell, Hillsboro, for defendants-respondents.

WEIER, Judge.

Plaintiffs filed their petition against adjacent landowners, the defendants, in four counts. Count I sought actual and punitive damages for the willful destruction of plaintiffs' timber and a change of the surface of some of their land by grading. The jury returned a verdict for plaintiffs in the amount of $500.00 on this count. Under Count II the plaintiffs alleged a diversion of the natural flow of a stream by excavating a new channel and filling in the old channel, causing additional hydraulic force and turbulence which eroded plaintiffs' downstream land. The court denied the mandatory injunction prayed. Count III prayed actual and punitive damages. Here, the jury found for defendants. In Count IV plaintiffs sought actual and punitive damages for changing the flow of a spring branch to a different location on plaintiffs' land thereby causing erosion. The jury found for plaintiffs and assessed actual damages at $800.00 and punitive damages at $1,000.00. The defendants' counterclaim for trespass and unlawful detention was granted and damages assessed at $1,000.00. Both plaintiffs and defendants filed motions for new trial. Plaintiffs charged the court with error in arriving at its judgment on all four counts of the petition and the counterclaim. The court granted plaintiffs a new trial on the counterclaim and defendants a new trial on the award of punitive damages under Count IV of plaintiffs' petition.

To initiate their appeal, plaintiffs filed a notice of appeal on November 1, 1971. In it they asserted they were appealing from "the Judgment in Counts II and II". Obviously counsel must have intended to appeal from a portion of the judgment other than Count II, but we are not in a position to speculate. Exception was taken to the judgment on all counts in plaintiffs' motion for a new trial. Since there were three counts other than Count II, we cannot determine what was meant by the duplication other than that the appeal was taken from the judgment entered as to Count II. Since no reference was contained in the notice of appeal to any part of the judgment other than Count II, we are limited on appeal to a determination of whether the court committed error in rendering that part of the judgment. Rule 81.08 (formerly 82.08), V.A.M.R.; Brissette v. Brissette, Mo.App., 471 S.W.2d 691, 693[3].

We pass to another problem. The transcript discloses that plaintiffs filed their notice of appeal on November 1, 1971. No request for a transcript was made until January 10, 1972, and it was sent to the wrong court reporter. Then a letter dated January 24, 1972 was addressed by counsel for plaintiffs to the court reporter who took down the testimony requesting that a transcript be prepared. On March 24, 1972 the trial court granted an additional 90-day extension of time in which to file transcript on appeal. Rule 81.19 (formerly 82.19), V.A.M.R. requires, as a condition precedent to the granting of an extension of time for filing transcript on appeal beyond 90 days from the date of filing notice of appeal, that the transcript be ordered in writing from the court reporter within 30 days after the filing of the notice of appeal. "Absent compliance with such conditions, the trial court has no authority to make such extension, * * *." Stigers v. Harlow, Mo., 419 S. W.2d 41, 42; Swager v. Monkem Co., Mo. App., 460 S.W.2d 291, 292[1].

We pass on to the filing of briefs and motions. Plaintiffs applied for and received an extension of 10 days to file their brief. Defendants were given 30 days thereafter to file their brief. The brief of the plaintiffs was filed June 20, 1972. On August 2, 1972, some 43 days after plaintiffs filed their brief, defendants sought and obtained an extension of time to and including August 30, 1972 to file their brief. We received no brief from defendants. But on August 29, 1972 defendants filed a motion to dismiss for failure of plaintiffs' brief to comply with the rules.

■ We consider this problem. An inspection of plaintiffs' brief reveals: 1) There is no jurisdictional statement. 2) The statement of facts is a recitation of the allegations contained in plaintiffs' pleadings, the action taken on these pleadings by the court and a brief résumé of the testimony of one of the plaintiffs and one of his witnesses. No effort was made to present a fair and concise statement of the facts. 3) Points relied on are: "The trial court erred in failure to assess treble damages in Count I. The trial court erred in remitting punitive damages in Count IV. The verdict of the jury in Count III was against the weight of the evidence and therefore the court erred in failing to grant mandatory injunction." These general conclusions are unsupported by any reasons. Wherein and why the court was in error is not explained. Following the third point there is no citation of authorities. As to Count II, the only portion of the judgment from which an appeal was effectively taken, the supportive reasoning in the argument is based upon the principle enunciated; that is, the verdict in Count III is against the weight of the evidence. This is insufficient to raise anything for appellate review. Martin v. O'Connor, Mo., 406 S.W.2d 41, 42[3].

After such inattention or ineptness we should be inclined to mount the rostrum and again address ourselves to the necessity of counsel following the rules on appeal. But instead, we adopt a position of judicial restraint and consult our statistics as to things which are not only to come but are with us now. Our case load is increasing at a rapid pace; 454 cases were filed in our court the first eight months of 1972 as compared to a five year historical average of 325 case filings per year. With the addition of our historical filings of cases prior to the amendment of the judicial article in 1971 we project to have 580 civil and 250 criminal filings for a total of 830 case filings for the court year 1973–1974. With such a burden we must not only call on counsel to follow the rules on appeal but must demand it. It is only with the conscientious and effective help of lawyers practicing in our court that the appellate process will continue to function.

The motion of defendants to dismiss the plaintiffs' appeal for failure to comply with Rule 84.04 (formerly 83.05), V.A.M.R. is sustained. The appeal is dismissed.

SMITH, P. J., and SIMEONE and KELLY, JJ., concur.