The CITY OF ST. LOUIS, a Municipal Corporation ex rel. and for the Use of William ESMAR, d/b/a Midwest Waterproofing Company, Plaintiff-Respondent,

v.

TRU–BOUNCE, INCORPORATED and Maryland Casualty Company, et al., Defendants-Appellants.

Nos. 37770, 37771.

Missouri Court of Appeals, St. Louis District, Division Two.

Jan. 24, 1978.

Morris W. Taylor, Hanks & Taylor, Jerry Suddarth, Clayton, for defendants-appellants.

F. W. Mueller, Tyree C. Derrick, St. Louis, for plaintiff-respondent.

STEWART, Judge.

Action by the City of St. Louis at the Relation of Patrick M. Fiandaca III, Administrator C.T.M. D.B.N. of the Estate of William Esmar, deceased (plaintiff), against Tru-Bounce, Incorporated (Tru-Bounce), and Maryland Casualty Company (Maryland) as surety for Tru-Bounce, for monies due under a contract between Tru-Bounce as general contractor and William Esmar (Esmar) as subcontractor. A jury verdict was returned in favor of plaintiff and against both defendants. The verdict against Tru-Bounce was for $16,000, as the amount due under the contract and $1,600 as interest thereon. The verdict against Maryland was for $8,960 for vexatious delay and $6,450 for attorney's fees.

The trial court granted a new trial as to Maryland. It gave as its reasons, error in giving plaintiff's verdict directing instruction against Maryland, and because the verdict against Maryland was excessive. Plaintiff appeals from the order of the trial court granting Maryland a new trial. Tru-Bounce appeals from the judgment entered against it.

Our disposition of this cause does not require an extensive statement of the facts.

Tru-Bounce entered into a unit price contract with the City of St. Louis to do certain work on a runway at Lambert-St. Louis-International Airport. As part of the contract, Tru-Bounce was to sandblast the runway. After the contract was awarded to Tru-Bounce, it accepted the bid of Esmar to do the sandblasting for a lump sum of $17,000 and entered into a contract in accordance with the bid. Esmar did the sandblasting on the runway at the airport and was paid the sum of $1,000 on account. Tru-Bounce refused to pay the $16,000 balance and Esmar brought this action. Esmar died during the pendency of the litigation and plaintiff was substituted.

### APPEAL OF DEFENDANT TRU–BOUNCE

At the outset we must consider plaintiff's motion to dismiss the appeal of defendant Tru-Bounce for failure to comply with Rules 84.04(c) and 84.04(d).

■ Rule 84.04(c) requires a ". . . concise statement of the facts relevant to the questions presented for determination . . ." which may be followed by a resume of the testimony relevant to those issues. The portion of defendant's brief denominated Statement of Facts is primarily a summary of the testimony of each witness and of the court's rulings regarding the evidence offered. As such, it is not a proper statement of facts and does not comply with the rule. *Graff v. Montileone*, 523 S.W.2d 131 (Mo.App.1975).

The point relied on by Tru-Bounce reads:

"The trial court erred in not directing a verdict for Tru-Bounce, Incorporated.

(a) Plaintiff failed to prove a connection between Mr. Skrainka and Tru-Bounce, Incorporated.

(b) The court erred in not allowing defendant Tru-Bounce, Incorporated to read certain portions of Defendant's Exhibit A.

(c) The court erred in barring witness R. N. Skrainka's testimony concerning an agreement between him and William Esmar." (citations of authority have been omitted)

The point and subpoints fail to state wherein and why any listed action on the part of the trial court is claimed to be erroneous. This point and its subpoints fail to comply with Rule 84.04(d). *Donnell v. Vigus Quarries, Inc.*, 489 S.W.2d 223, 225[3] (Mo.App.1972). We also note that several paragraphs in this section of defendant's brief lack specific page references to the transcript, in violation of 84.04(h).

Plaintiff's motion to dismiss the appeal of Tru-Bounce is sustained and the judgment in favor of plaintiff against Tru-Bounce is affirmed.

### APPEAL OF PLAINTIFF

The first issue raised by plaintiff is based on the trial court's order granting Maryland a new trial. The order reads, in part:

"Defendant Maryland Casualty Company's Motion for a New Trial granted on the grounds the first paragraph of instruction No. 4 was erroneous and the verdict against the defendant was excessive. Verdict and judgment of August 27, 1975 against that defendant set aside."

Instruction 4 reads:

"Maryland Casualty Company executed and delivered its payment bond to the City of St. Louis to guarantee the payment of any and all amounts due subcontractors performing work on the contract in evidence therefore your verdict must be for the plaintiff William Esmar and against the defendant Maryland Casualty Company if you believe:

First, Defendant Tru-Bounce, Incorporated owed plaintiff a balance of $16,000 on its contract with William Esmar, and

Second, the defendant Maryland Casualty Company refused to pay plaintiff the sum due him, and

Third, that the refusal of payment by the defendant Maryland Casualty Company was without reasonable cause and was vexatious and that plaintiff was thereby damaged."

The instruction does not require a finding that Maryland executed its payment bond to the City of St. Louis, but assumes the fact of execution of the bond. Plaintiff contends that such an assumption is not erroneous because the fact of execution of the bond was not controverted. We agree.

Plaintiff, by paragraph 7 of the petition, alleged that Maryland duly executed and gave a bond to the City of St. Louis. A certified copy of the bond was attached to the petition and made a part thereof by reference. Plaintiff also set out the amount and the condition of the bond in detail. Defendant's answer, as material to our consideration of this issue, reads:

"5. Defendants admit the allegations of paragraph five of Plaintiff's Second Amended Petition, and deny specifically each and every allegation contained in paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 of Plaintiff's Second Amended Petition.

6. Defendants further specifically deny any and all allegations that have not been either admitted or denied in this Answer."

Controlling is Rule 55.23 which reads:
"55.23 Execution of Written Instrument Deemed Confessed—When

When any claim or defense is founded upon a written instrument and the same shall be set up at length in the pleading or a copy attached thereto as an exhibit, the execution of such instrument shall be deemed confessed unless the party charged to have executed the same shall specifically deny the execution thereof. (Adopted Jan. 19, 1973, effective Sept. 1, 1973.)"

 To put the execution of the bond in issue it was necessary for Maryland to make specific reference to that particular allegation. To "specifically deny each and every allegation" of certain numbered paragraphs is a general denial.[1] In this case, Maryland's general denial did not put in issue the execution of the bond. *Universal Printing Co. v. Sayre & Fisher Co.*, 501 S.W.2d 180 (Mo.App.1973); *United Farm Agency v. Howald,' et al.*, 263 S.W.2d 889 (Mo.App.1954). While plaintiff offered evidence on the issue of execution, neither defendant offered any evidence to overcome the effect of Rule 55.23. The execution of the bond stands confessed. Therefore, it was proper to assume execution and delivery in the instruction and the trial court erred in granting a new trial on this issue. In view of our conclusion, other matters briefed by the parties on this issue need not be considered.

The court also granted a new trial on the ground that the verdict against Maryland was excessive.

 Granting a new trial on the ground that a verdict is excessive is a holding that the verdict is against the weight of the evidence on that fact issue. That action may not be overturned unless the trial court has abused its discretion. The burden of establishing an abuse of discretion is upon plaintiff. *Union Electric Co. of Missouri v. McNulty*, 344 S.W.2d 37, 39 (Mo. 1961).

The verdict of the jury reads:
"We, the jury, find the issues in favor of the plaintiff and we assess plaintiff's recovery against the defendant Tru-Bounce, Incorporated, as follows:

Recovery under the contract $16,000
Recovery for interest $1,600

1. This has been recognized in other jurisdictions for over a century. *C. F. Seward v. Miller and Miller*, 6 How.Prac. 312 (N.Y.S.Ct.1852).

and we assess plaintiff's additional recovery against the defendant Maryland Casualty Company, as follows:

Recovery for penalty $8,960
Recovery for attorney's fees $6,450 "

Plaintiff's point on this issue reads:

"If the verdict against the defendant Maryland Casualty Company is excessive it can be cured by remittitur but the court should also increase the verdict against the defendant Tru-Bounce, Incorporated in order to carry out the intent of the jury."

It is obvious that the point proffered here by plaintiff does not attack the order of the trial court as an abuse of discretion. Plaintiff fails to tell us which action or ruling of the trial court is sought to be reviewed and wherein and why such action is claimed to be erroneous. The point, as presented, fails to comply with Rule 84.04(d). *Donnell v. Vigus Quarries, Inc.*, 489 S.W.2d 223, 225[3] (Mo.App.1972).

■ The nature of this case, however, requires us to make some observations, with respect to the verdict, for guidance upon retrial. Plaintiff speculates that the jury mistakenly placed the sum of $1,600, found as penalty, in the space on the verdict form provided for interest. This for the reason that the primary judgment was for $16,000 and Section 375.420 provides that the penalty for vexatious delay shall not exceed 10% of the judgment and therefore the sum of $1,600 was damages for vexatious delay. Plaintiff also contends that the sum of $6,450, found as interest, was placed upon the line provided for attorney's fees and $8,960 interest was placed on the line provided for penalty. Plaintiff asks that we correct the judgment with respect to Tru-Bounce by entering a judgment for interest in the sum of $8,960 in place of the sum of $1,600. This we may not do for two reasons. First, plaintiff did not challenge the judgment as entered against Tru-Bounce by way of a motion for new trial or other post trial motion. For that reason he may not now contend that the verdict is improper. We cannot disturb that judgment. V.A.

M.R. 79.03; *Anderson v. Independant Mutual Fire Ins. Co.*, 453 S.W.2d 609, 614[8–10] (Mo.App.1970). In addition, plaintiff sought no relief in the trial court with respect to the verdict against Maryland. The record does not reveal that any effort was made to have the verdict corrected at the time it was returned or by way of post trial motion. *Bunting v. McDonnell Aircraft Corp.*, 522 S.W.2d 161, 168[11] (Mo. banc 1975).

■ The judgment against Tru-Bounce is determinative of the extent of liability of Maryland under the bond and for interest to the date the verdict of the jury was returned; the liability of the surety being measured by the liability of the principal. *Vulcan Steam Shovel Co. v. Cobb*, 199 S.W. 448, 450[2] (Mo.App.1917); see also *Home Insurance Company of New York v. Savage*, 231 Mo.App. 569, 103 S.W.2d 900, 901[5] (1937).

The trial court did not limit its order granting a new trial to the issue of damages only. From what we have said above, the issues remaining in the case are (1) the liability of the surety for vexatious delay and attorney fees, and (2) if the surety is liable, the amount of damages, for vexatious delay, and the amount of attorney fees.

The judgment against Tru-Bounce is affirmed. The order of the trial court is affirmed in part. The cause is remanded to the trial court for trial limited to the issues remaining as set out above.

McMILLIAN, P. J., and REINHARD, J., concur.