[1] This is an appeal from the action of the Circuit Court of Polk County in overruling a motion of the Yellow Transit Company (Appellant) to set aside a judgment of dismissal of its counterclaim.
[2] The facts leading up to the Court's action are:
[3] On June 12, 1948, Josephine England filed in the Greene County Circuit Court a suit against appellant and one Ernie Davenport alleging that Davenport, while driving for appellant on U.S. Highway 66, negligently ran his truck into plaintiff's truck, driven by one Floyd Severs, and damaged it in the sum of $1500.00 and that she suffered further damages by loss of the use of the truck in the sum of $500.00. Her driver, so she alleged, was using the highest degree of care at the time of the accident and the collision was the result of defendant's negligence.
[4] Defendant Davenport, on January 17, 1948, filed an answer denying negligence on his part and asserting that the collision was caused by the negligence of plaintiff's driver and the damages were a result of such negligence. He added a counterclaim for personal injuries to himself, etc., in the sum of $5000.00, praying judgment for the same.
[5] The Yellow Transit Company on the 6th day of February, 1948, also answered, denying any negligence on the part of its driver or itself and in its counterclaim alleging that its driver, Ernie Davenport, at the time of the collision was exercising the *Page 367 
highest degree of care and was traveling on the right hand side of the road at a reasonable rate of speed and that plaintiff's driver negligently collided with its truck causing the collision and resultant damages. It asked for $6500.00 as compensation therefor.
[6] Replies to both answers and counterclaims were filed by plaintiff denying all the allegations therein. A change of venue was taken and the case sent to Polk County. On February 2, 1949 the following stipulation was filed: "In consideration of the payment of the sum of Five Hundred Dollars ($500.00), the receipt of which is hereby acknowledged by plaintiff, it is stipulated and agreed between the parties that plaintiff's petition, cause of action or claim against the defendants shall be and is hereby dismissed, with prejudice, and at the cost of the defendants.
[7] "It is expressly understood and agreed that the counterclaim of defendant Ernie Davenport is still outstanding and pending against plaintiff and is in no way affected by this dismissal."
[8] Upon this stipulation, the Court, on February 7, 1949, rendered judgment as follows:
[9] "Now at this day, comes the parties, both Plaintiff and Defendants, by their respective Attorneys, by leave of Court, and file herein their stipulation for dismissal of Plaintiff's petition, and on their Motion and in accordance with said stipulation, it is ordered by the Court that the petition of Plaintiff be dismissed with prejudice, at the cost of Defendants, as per stipulation filed.
[10] "It is further ordered by the Court that the counterclaim of Yellow Transit Company, and of Ernie Davenport is still outstanding and pending against Plaintiff and is no way affected by this dismissal."
[11] On May 18, 1949, the plaintiff filed a motion to dismiss the Yellow Transit Company counterclaim, alleging the facts above recited, and further, "* * * that by said written agreement of compromise and settlement, defendant Yellow Transit Company procured the dismissal of plaintiff's said petition and its cause of action therein alleged against the defendants; that by reason of the fact that defendant Yellow Transit Company's said alleged counterclaim against the plaintiff was not excepted from the terms of said written agreement of compromise and settlement, as was the said alleged counterclaim of the defendant Ernie Davenport, and by reason of the fact that the said alleged counterclaim of defendant Yellow Transit Company was filed by it in the above entitled cause and both plaintiff and defendant Yellow Transit Company knew that defendant Yellow Transit Company had filed its said alleged counterclaim against the plaintiff before the said written agreement of compromise and settlement was entered into and filed herein, as aforesaid, the said alleged counterclaim of the defendant Yellow Transit Company was settled by said written agreement of compromise and settlement, and by reason of the premises, the defendant Yellow Transit Company is now estopped from prosecuting said alleged counterclaim against the plaintiff. * * *"
[12] On the 23rd day of May, 1949, the plaintiff also filed a motion for a nunc pro tunc order to correct the court's judgment of dismissal on the ground that it was broader than the stipulation of dismissal in that it recited that the counterclaim of the Yellow Transit Company would be left pending. It asked the Court to correct the judgment of dismissal by striking out the words "Counterclaims of defendants Yellow Transit Company and of Ernie Davenport left pending" and to insert in lieu thereof the words "Counterclaim of Ernie Davenport left pending."
[13] In support of this motion, plaintiff introduced the petition, the answers, counterclaims, and replies, the stipulation and judgment of dismissal. It was admitted that Ernie Davenport was represented by Mr. Flay Randle, an attorney, and that the Yellow Transit Company was represented all the time by the law firm of Neale, Newman, Freeman and Wampler, by F. B. Freeman, an attorney. The minutes made by the Court in his docket were also introduced in evidence and were: "Petition dismissed with prejudice at the cost of Defendant, as per stipulations filed. *Page 368 
Counterclaims of Defendants Yellow Transit Company and Ernie Davenport left pending."
[14] Mr. Freeman, over the objection of plaintiff testified that at the time the settlement was made nothing was said about the counterclaim, in fact the witness had forgotten that one had been filed.
[15] He further testified: "And, after it (the stipulation) was filed, and the money was paid, I sent it to Mr. Elvin Douglas, (co-counsel at Bolivar) and I also wrote him a letter and told him * * * that to my recollection nothing had been said about the counterclaim, but, as I understood the Code, unless it was expressly dismissed it would still be left pending; and I asked Mr. Douglas to have the Court make the entry that the two counterclaims were left pending; that is entirely my responsibility, I felt like I had that right under the law; * * *."
[16] On February 8, 1949, the insurance carrier of plaintiff, through its attorneys, was contending with witness that the settlement had resulted in the dismissal of the counterclaim and witness "contended to the contrary."
[17] At the time the settlement was agreed upon, plaintiff, upon receipt of $500.00 from Defendant Yellow Transit Company, signed a release forever discharging both defendants from further liability for "damages, losses or injuries to persons or property, or both, * * * resulting or to result from a certain accident which occurred on or about the 4th day of December, 1947, on U.S. Highway 66, * * * and that said sum is paid in compromise settlement of, and to avoid the trouble and expense of further investigation and litigation on account of said accident."
[18] It is true this release also stated "that all agreements and understandings between the parties are embodied and expressed herein" and undoubtedly one understanding on the part of plaintiff at least, was that the compromise settlement was to "avoid the trouble and expense of further investigation and litigation."
[19] The oral testimony of Mr. Freeman was objected to but the court admitted it while expressing doubt of its admissibility. The release was rejected but appellant insisted and now insists it was admissible. We are not passing upon the admissibility of the oral testimony or the release, but are considering them because appellant insists we should do so.
[20] The court corrected the judgment, as prayed for, and sustained the motion to dismiss the counterclaim. The court later overruled the motion of the Yellow Transit Company to set aside its judgment sustaining plaintiff's motion to dismiss the counterclaim and from the court's action in so doing, the Yellow Transit Company appealed.
[21] It must be remembered that there was only one accident — one collision. All the accusations, charges and counterclaims grew out of it. Plaintiff said she was blameless and defendants were wholly responsible. Defendants denied any negligence on their part and charged plaintiff with the entire responsibility for the collision and resultant damages. Under these contentions, only one side could be liable and only one side could recover. Defendant, Yellow Transit Company, by its attorney, offered to pay and did pay $500.00 to plaintiff in settlement of her claim for damages and agreed that defendants pay the costs. The stated object of the settlement, as set out in the release, is "to avoid trouble and expense of further investigation and litigation on account of said accident * * *." The counterclaim of Yellow Transit Company was not mentioned in the stipulation to dismiss and its attorney frankly admits that he never thought of it and had forgotten that one was filed. But this does not give rise to the presumption or inference that plaintiff had considered it so lightly. Rather, a logical inference would be that the Yellow Transit Company was not seriously impressed with the merits of their counterclaim. After the settlement was agreed upon and the money paid to plaintiff, the attorney for the Yellow Transit Company, remembered the existence of the counterclaim and also remembering the provisions of Section 103 of the Code of Civil Procedure, Mo.R.S.A. § 847.103, wrote his co-counsel at Bolivar to see that the court's order expressly left the counterclaim *Page 369 
of the Yellow Transit Company pending. The stipulation of settlement expressly excepted the counterclaim of Ernie Davenport for the obvious reason that he was not a party to the settlement and was represented by other counsel. However, the record shows that on May 23, 1949, Davenport voluntarily dismissed it. The court's order dismissing plaintiff's petition went further than the stipulation for dismissal, but this seems to be due to the reflection of Mr. Freeman after it was entered into, and was procured by his co-counsel upon instruction from him. It would indeed seem unusual for plaintiff to settle her claim for $500.00, and knowingly, leave pending against her a claim for $6500.00 for damages growing out of the same accident. And it would not seem less extraordinary for the Yellow Transit Company to pay out $500.00 and costs of litigation when it, in good faith, was claiming freedom from responsibility for an accident in which it had suffered damages to its property in the sum of $6500.00, and which it was seeking to recover in its counterclaim. To allow the Yellow Transit Company to pursue its counterclaim is in direct conflict with its expressed reasons for settlement, i. e. to avoid the trouble and expense of further investigation and litigation.
[22] Section 103 of the Civil Code provides: "No dismissal, voluntary or involuntary, of a plaintiff's action in which a counterclaim or cross-claim has been filed shall operate to dismiss or discontinue such counterclaim or cross-claim." This is not new law in Missouri. See repealed Sec. 1001, R.S.Mo. 1939. It is merely a restatement.
[23] But it is not the dismissal of the petition that prevents the Yellow Transit Company from proceeding with its counterclaim. It is the compromise and settlement of the litigation. This section of the Civil Code does not mean that a counterclaim cannot be dismissed or settled by agreement. It merely means that it shall not be dismissed merely because the petition is and for that reason alone. Other reasons may justify its dismissal. Niedringhaus v. Zucker, Mo.Sup., 208 S.W.2d 211.
[24] The law favors compromises. Pfiffner v. Kroger Grocer 
Baking Co., Mo. App., 140 S.W.2d 79; Brown v. Corn Products Refining Co., 227 Mo.App. 548, 55 S.W.2d 706; Pickel v. St. Louis Chamber of Commerce, 10 Mo.App. 191; Caneer v. Kent, 342 Mo. 878, 119 S.W.2d 214.
[25] The general rule governing this case is clearly and tersely stated in 15 C. J.S., Compromise and Settlement, § 25, compromise is estopped from afterward urging matter constituting a set-off or counterclaim existing at the time of making the compromise; * * *."
[26] It seems to us that the offer to pay, an actual payment of $500.00 to the plaintiff, an agreement to pay the expenses of the litigation, the failure to specifically except in the stipulation the counterclaim of the Yellow Transit Company, but specifically excepting the counterclaim of Ernie Davenport, the recital in the release that the purpose thereof was to avoid trouble and expense of further investigation and litigation, and failure to specifically mention the counterclaim in the negotiations leading to settlement and release, were all calculated to and did lead the plaintiff to believe that the entire controversy was being settled. she acted, in dismissing her case, receiving the payment and signing the release, in reliance upon that belief, and reasonably so. Under these circumstances the Yellow Transit Company is now estopped to proceed further with their counterclaim. The judgment of the learned trial court in overruling defendant's motion to set aside the court's judgment in dismissing the counterclaim should be affirmed. It is so ordered. *Page 370 
[27] BLAIR and McDOWELL, JJ., concur.