**Mary Kay MAX, Plaintiff-Appellant,**

**v.**

**Herman J. SPAETH, d/b/a Leola Hauling Company, Defendant-Respondent.**

No. 48407.

Supreme Court of Missouri,

Division No. 1.

July 10, 1961.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 11, 1961.

Geo. T. Williams, F. Douglas O'Leary, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, for appellant.

Gray & Jeans, St. Louis, for respondent.

HYDE, Judge.

Action for $25,000 damages for personal injuries sustained in a collision of motor vehicles. The court entered judgment for defendant on his motion for summary judgment and plaintiff has appealed.

A car driven by plaintiff herein collided with a truck owned by defendant driven by his employee Clyde Wyatt. On February 2, 1959, Wyatt sued plaintiff herein alleging failure to keep a lookout and excessive speed; service was had on February 4th; plaintiff filed answer on March 5th. On August 4th Wyatt's suit was dismissed by a stipulation of dismissal which stated: "All of the matters and things in controversy in the above entitled cause having been adjusted, compromised and finally settled, it is hereby stipulated and agreed, by and between plaintiff and defendant, that this cause shall be dismissed with prejudice to any other or future action on account of the matters and things contained and set forth in plaintiff's petition, and that court costs shall be paid by defendant."

On February 6, 1959, plaintiff had filed this suit against Wyatt's employer. After service on February 10th, defendant filed answer on March 11th alleging contributory negligence and on April 9th filed a counterclaim for damages to his truck. After plaintiff filed a reply, a stipulation of dismissal of defendant's counterclaim was filed on September 25th, which stated: "All of the matters and things set forth in the defendant's counterclaim having been adjusted, compromised and finally settled, it is hereby stipulated and agreed by and between plaintiff and defendant that defendant's counterclaim shall be dismissed with prejudice to any other or future action on account of the matters and things contained and set forth in said counterclaim; that court costs shall abide the disposition of plaintiff's cause of action and that plaintiff's cause of action shall remain on the docket of pending causes in this Court, without prejudice." Thereafter, an amended answer was filed which stated the facts about Wyatt's suit against plaintiff; that plaintiff sought to hold defendant secondarily liable under respondeat superior; that plaintiff did not file a counterclaim in the suit brought by Wyatt; that by the stipulation for dismissal of Wyatt's suit plaintiff had released Wyatt from all

claims; and therefore plaintiff could not assert the same cause of action against defendant. Thereafter, defendant filed a motion for summary judgment on the same grounds which the court sustained and entered judgment for defendant.

Plaintiff's petition alleged that on the occasion of the collision, defendant's truck was being operated by Wyatt; that she was driving north and Wyatt was driving south; and that Wyatt turned the truck to the east (left-hand turn) in front of her car causing the collision. Thus defendant's liability was based solely on respondeat superior for the negligence of Wyatt. "A dismissal 'with prejudice' operates as an adjudication upon the merits." Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001, 1003. Therefore, when plaintiff settled Wyatt's suit against her, agreeing without any qualifications that "all matters and things in controversy" had been "adjusted, compromised and finally settled," she gave up all rights she might have had to sue him on any claim based on his negligence. This with the agreement for dismissal "with prejudice" amounted to a full release of Wyatt's liability to her. A valid release of a servant from liability for tort operates to release the master. 35 Am.Jur. 963, Master and Servant, Sec. 535; Annotation, 126 A.L.R. 1199; Restatement of Agency, Sec. 217A; Restatement of Torts, Secs. 883, 885; likewise release of the master releases the servant; see also Geib v. Slater, 320 Mich. 316, 31 N.W.2d 65; Minery v. Fenton, 29 N.J. 409, 149 A.2d 245; Mid-Continent Pipeline Co. v. Crauthers, Okl., 267 P.2d 568; Terry v. Memphis Stone & Gravel Co., 6 Cir., 222 F.2d 652. It is well settled in our law that "if there is a verdict discharging the one defendant for whose negligence only it is sought to hold the other defendant, no judgment can be based thereon against either defendant." Stoutimore v. Atchison, T. & S. F. Ry. Co., 338 Mo. 463, 92 S.W.2d 658, 660, and cases cited; State ex rel. Shell Petroleum Corporation v. Hostetter, 348 Mo. 841, 156

S.W.2d 673; Cameron v. Howerton, Mo. Sup., 174 S.W.2d 206; Williams v. Kaestner, Mo.App., 332 S.W.2d 21. Certainly the same rule should apply when the question of a servant's liability is finally determined by a release as when it is determined by a verdict. One good reason given is that "otherwise, the master would be deprived of his right of reimbursement from the servant, if the claim after settlement with the servant could be enforced against the master." Losito v. Kruse, 136 Ohio St. 183, 24 N.E.2d 705, 126 A.L.R. 1194, 1197. Our view is that because the basis of liability on the theory of respondeat superior is that the master is liable only for the act of his servant (and not for anything he himself did, as in the case of a joint tort-feasor), therefore, when the servant is not liable, the master for whom he was acting at the time should not be liable. We hold that the settlement of Wyatt's suit released plaintiff's claim against him and therefore released plaintiff's claim against his employer, the defendant herein.

Because of the view we take it is not necessary to consider defendant's contentions concerning the effect of the compulsory counterclaim statute (Section 509.-420 RSMo 1949, V.A.M.S., now Civil Rule 55.45 V.A.M.R.) or the case of Hoover v. Abell, Mo.App., 231 S.W.2d 217, 220. The fact that the court's order of dismissal stated this reason is immaterial since there was a correct reason for his action. City of St. Louis v. Evans, Mo.Sup., 337 S.W.2d 948, 954, and cases cited. Plaintiff, however, contends that defendant should be estopped from asserting the claim of release because of the stipulation for dismissal of his counterclaim in her action which stated that her cause of action against defendant "shall remain on the docket * * * without prejudice." Plaintiff says defendant's action in filing his counterclaim and prosecuting it to a settlement without raising the defense now relied on, amounted to an admission that plaintiff's action against him was not barred and is inconsistent with the

position taken by defendant in his motion for summary judgment, citing 31 C.J.S. Estoppel §§ 118, 120, pp. 379, 384; Aufderheide v. Polar Wave Ice & Fuel Co., 319 Mo. 337, 4 S.W.2d 776, 800 [18]; Sidway v. Missouri Land & Live Stock Co., 187 Mo. 649, 677, 86 S.W. 150. The situation in those cases was very different from that presented herein. Defendant did not concede either by filing this counterclaim or by dismissing it that plaintiff had any meritorious claim against him and we do not see anything in the stipulation of dismissal of his counterclaim that prevented him from asserting any defense he might have had to the claim made against him in plaintiff's petition. We hold that defendant's defense of release from liability by plaintiff is not inconsistent with his agreement that he should not recover on his counterclaim against her.

The judgment is affirmed.

All concur.

On Motion for Rehearing or to Transfer to Court en Banc.

PER CURIAM.

■ Plaintiff contends that the language of the stipulation of dismissal with the provision for dismissal with prejudice should be construed as a settlement of Wyatt's claim against her only and not a settlement of her claim against him. (Motion shows a payment was made to Wyatt in compromise of his claim.) Plaintiff cites Rudloff v. Johnson, 8 Cir., 267 F.2d 708, in which a plaintiff's claim against the defendant therein for injuries sustained in a collision of automobiles was compromised by an attorney representing defendant's insurance carrier after defendant had filed a counterclaim. However, defendant's counterclaim had been filed by other attorneys and they did not sign the stipulation for settlement. The insurance company attorney who did sign it did not represent defendant on his counterclaim; and it also appeared that neither defendant nor the attorneys representing him on his counterclaim had been consulted with respect to the settlement of plaintiff's claim or the dismissal of his petition.

The situation in this case is more like that in England v. Yellow Transit Co., 240 Mo.App. 968, 225 S.W.2d 366, 368. Plaintiff therein filed suit for personal injuries sustained in a collision of motor vehicles. Defendant filed a counterclaim for damages to its truck. Defendant settled with plaintiff paying her $500, the stipulation of settlement stating "it is stipulated and agreed between the parties that plaintiff's petition, cause of action or claim against the defendants shall be and is hereby dismissed, with prejudice, and at the cost of the defendants." The court, in holding defendant could not proceed on its counterclaim, said: "It must be remembered that there was only one accident—one collision. All the accusations, charges and counterclaims grew out of it. Plaintiff said she was blameless and defendants were wholly responsible. Defendants denied any negligence on their part and charged plaintiff with the entire responsibility for the collision and resultant damages. Under these contentions, only one side could be liable and only one side could recover. Defendant, Yellow Transit Company, by its attorney, offered to pay and did pay $500.00 to plaintiff in settlement of her claim for damages and agreed that defendants pay the costs." The court held that circumstances of the settlement "were all calculated to and did lead the plaintiff to believe that the entire controversy was being settled. She acted, in dismissing her case, receiving the payment and signing the release, in reliance upon that belief, and reasonably so. Under these circumstances the Yellow Transit Company is now estopped to proceed further with their counterclaim." It should be noted that the language of the stipulation of dismissal in this case ("all matters and things in controversy in the above entitled cause having been adjusted, compromised and finally settled") is much broader than that used in

the England case. Furthermore, the case was dismissed "with prejudice to any other action on account of the matters and things contained and set forth in plaintiff's petition." Plaintiff also cites Clifton v. Caraker, Mo.App., 50 S.W.2d 758, but it involved the release of one of two joint tort feasors which is an entirely different situation from liability based on respondeat superior.

Plaintiff's motion for rehearing or to transfer to the Court en Banc is overruled.