Florence E. BACON and Francis G. Bacon, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. S 62 C 23.

United States District Court
E. D. Missouri,
Southeastern Division.

Oct. 8, 1962.

Ted M. Henson, Ted M. Henson, Jr., Poplar Bluff, Mo., for plaintiffs.

D. Jeff. Lance, U. S. Atty., St. Louis, Mo., for defendant.

MEREDITH, District Judge.

Plaintiffs bring this action in three counts against the United States of America for damages arising out of a collision between a vehicle driven by Frank J. Krouse, an agent and employee of the defendant, and an automobile driven by plaintiff Florence E. Bacon. The action arises under 28 U.S.C.A. § 2674 and jurisdiction exists under 28 U.S.C.A. § 1346(b).

In Count I plaintiff Florence E. Bacon demands $25,000 in damages for injuries and medical expenses. In Count II plaintiff Francis G. Bacon asserts damages of $3,000 to his automobile and in Count III $5,000 in damages for loss of his wife's services and $5,000 for medical care. Under the pleading, defendant's liability is predicated solely on the alleged negligence of its agent and employee, Frank J. Krouse.

In its first Amended Answer, defendant admitted jurisdiction and that Frank J. Krouse was its employee and agent, denied the other allegations and submitted contributory negligence, satisfaction and discharge, release and mitigation of damages. Under its defense of release, defendant pleaded and attached to its answer as Exhibit A an instrument entitled "Covenant Not To Sue", to which plaintiffs and Frank J. Krouse and the Government Employees Insurance Company were parties.

Defendant's motion for summary judgment is based on the pleadings, including the covenant not to sue, and plaintiffs' answers to interrogatories submitted by defendant.

There are no material facts in dispute, but only questions of law.

The undisputed facts are that plaintiff Florence E. Bacon on May 15, 1961, filed a suit in the Circuit Court of Butler County against Frank J. Krouse, defendant's employee, arising out of the same collision involved in the instant complaint. It was settled for $2,287.80, the same amount paid under the terms of the covenant not to sue, which will hereafter be set out. The nature and extent of the injuries for which damages were sought in the state court are the same as the injuries for which relief is sought here. Both plaintiffs acknowledge receipt of a total of $207.80 from their insurer, State Farm Mutual Automobile Insurance Company, $152.16 of which represented payment for automobile damage and the remainder for medical

expenses. Plaintiff Francis G. Bacon states that the aforementioned insurance company is subrogated in the amount of $152.16 of the alleged $3,000 damages to the automobile claimed in Count II of the petition. The automobile damaged was a 1953 Lincoln Capri sedan. The cost of the repairing of the automobile was $202.16.

■ By affidavits plaintiffs have acknowledged the following instrument, Exhibit A of defendant's first Amended Answers:

### "COVENANT NOT TO SUE

"For the sole and only consideration of the payment of Two Thousand Two Hundred Eighty-seven and 80/100 ($2,287.80) Dollars, the receipt of which is hereby jointly and severally acknowledged, we do hereby for ourselves and for each of us and for our respective heirs, executors, administrators, personal representatives and assigns, covenant and agree never to make any further demand or claim or to commence or cause or permit to be prosecuted any further action in law or equity or any proceedings of any description against Frank J. Krouse or Government Employees Insurance Company, on account of any personal injury, disability, loss of services, expense, loss, or damages of any kind that we, or either of us, have sustained or may hereafter sustain in consequence of an accident that occurred on or about September 1, 1960, at approximately 8:15 a. m., near the intersection of Seventh and Vine Streets in the City of Poplar Bluff, County of Butler, State of Missouri.

"It is specifically understood and agreed by the parties hereto that the payment mentioned above includes the sum of Fifty and No/100 ($50.00) Dollars which represents the deductible amount paid by Francis G. Bacon and Florence E. Bacon under their collision coverage contract with the State Farm Mutual Automobile Insurance Company. Florence E. Bacon and Francis G. Bacon specifically retain their claim for the balance of the damage done to their 1953 Lincoln automobile as a result of the aforementioned accident occurring on September 1, 1960.

"To procure payment of the said sum, we and each of us do hereby declare that we are each more than twenty-one (21) years of age; that no representations about the nature and extent of the said injuries, disabilities, or damages *mady* by *an* physician, attorney or agent or any part to whom this covenant extends, nor any representations regarding the nature and extent of legal liability or financial responsibility of any of the parties to whom this covenant extends, have induced us, or either of us, to make this covenant; that in determining the said sum, there has been taken into consideration not only the ascertained injuries, liabilities and damages, but also the possibility that the injuries sustained may be permanent and progressive and recovery therefrom uncertain and indefinite, so that consequences not now anticipated may result from said accident.

"We further agree that this covenant may be pleaded as a defense, counterclaim, or cross-claim to any action or suit brought by us or anyone on our behalf against Frank J. Krouse or Government Employees Insurance Company, or their legal representatives, which arises out of, or may arise out of, said collision.

"We further agree that we will fully indemnify the said Frank J. Krouse and Government Employees Insurance Company from attorneys fees, costs or damages which he or it may sustain by reason of any further action being brought.

"This agreement is not intended as, nor shall it be construed as a release of the United *State* of America or any other person or corporation.

"We and each of us understand that the parties to whom this covenant extends admit no liability of any sort by reason of said accident and that the payment of the sum above recited is made to terminate further controversy respecting all claims for damages that we or each of us have heretofore ascertained. against, or that we or each of us might hereafter ascertain against Frank J. Krouse or Government Employees Insurance Company, because of the said accident.

"IN WITNESS WHEREOF, we have hereunto set our hands this ———— day of March, 1962.

"/s/ Francis G. Bacon

Francis G. Bacon
"/s/ Florence E. Bacon

Florence E. Bacon"

The effect of this instrument is the question before this Court.

We have read repeatedly the covenant not to sue and have concluded that it totally released Frank J. Krouse. In reaching that conclusion we have considered the meaning of paragraph two in which plaintiffs state that they are retaining a claim for the balance of damage to their automobile, which at first glance and read alone suggests that the instrument is not a total release. The problem is that paragraph two contradicts every other relevant paragraph of the instrument. In the first paragraph plaintiffs agree never to make any further demand or claim or to commence or cause to be prosecuted any further action against Frank J. Krouse on account of "any personal injury, disability, loss of services, expense, loss, or *damages of any kind*" as a result of the collision. Paragraph three states that in determining the amount of payment, the parties have considered the ascertained injuries, liabilities and damages as well as those unforeseen. Most importantly, paragraph four promises that the covenant may be pleaded as a defense, counterclaim, or cross claim to any action

or suit brought against Krouse. Paragraph five promises full indemnification for attorneys fees, cost or damages which Krouse may sustain by reason of any further action being brought. Paragraph seven states that no liability is admitted, but the payment is made to terminate further controversy respecting "all claims for damages that we or each of us have heretofore ascertained against, or that we or each of us might hereafter ascertain" against Krouse because of the accident.

When considered with the other paragraphs of ·the instrument, we have decided that the first sentence of paragraph two means that $50, the deductible amount paid by plaintiffs to their insurer, represents plaintiffs' entire automobile damage claim against Krouse. This was paid to plaintiffs as part of the total amount paid for release and settlement. The second sentence then reveals that the plaintiffs retain the balance of their claim for automobile damage. But against whom do they retain it? Clearly not against Krouse because the instrument itself forbids it. Without deciding more than that the paragraph did not retain an automobile damage claim against Krouse, it would appear that plaintiffs have retained the claim for the balance of automobile damage for the purposes of their insurer, State Farm Mutual Automobile Insurance Company. Plaintiff Francis G. Bacon states that State Farm Mutual has paid him $152.16 for automobile damage and is subrogated in that amount. He also states the cost of repairing the damaged 1953 Lincoln Capri sedan was $202.16.

■ For the foregoing reasons, we are constrained to hold that the instrument completely released Frank J. Krouse. The fact that the instrument is denominated a "covenant not to sue" does not prevent releasing plaintiffs' claim against Krouse if it bars further action against him. Clark v. Union Electric Light and Power Company, 279 Mo. 69, 213 S.W. 851, noted recently by the Missouri Supreme Court in New Amster-

dam Casualty Company v. O'Brien, 330 S.W.2d 859.

Having concluded that plaintiffs completely released Krouse, have they thereby released the defendant employer of Krouse from liability based exclusively on the alleged negligence of Krouse? It is contended that plaintiffs are not barred for the reason that paragraph six of the covenant not to sue expressly militates against the release of the defendant, which is permitted by Section 537.-060 RSMo 1949, V.A.M.S., under which the release of a joint tortfeasor does not bar recovery for the balance of damages from the remaining joint tortfeasors.

Plaintiffs' complaint against defendant is grounded on the theory of respondeat superior, that is, the employer is secondarily liable if his employee was negligent. The provisions of Section 537.-060 RSMo 1949, V.A.M.S., apply to joint tortfeasors. Therefore, it is not applicable to the present facts. Max v. Spaeth, Mo., 349 S.W.2d 1.

■ In an action against the employer based exclusively on the employee's alleged negligence, release of the employee effectively bars a claim against the employer. Max v. Spaeth, supra.

■ The question presented on the effect of the release of one joint tortfeasor on the remaining joint tortfeasors is whether the claimant's entire claim for damages has been thereby satisfied. If it has, even Section 537.060 RSMo1949, V.A.M.S., will not disturb it. New Amsterdam Casualty Company v. O'Brien, supra. In a respondeat superior situation, the question is whether the employee has been fully released by the claimant. Max v. Spaeth, supra. The distinction appears difficult, but such is our understanding of the law in Missouri. Consequently, plaintiffs, having released Krouse, cannot in the same instrument retain their claim against defendant, Krouse's employer. Under the Missouri law, the successful defense of release of Krouse entitled defendant to

judgment. Accordingly, defendant's Motion for Summary Judgment will be sustained and an Order will be prepared entering judgment for defendant on all three counts of plaintiffs' complaint.