Leonard **JACKSON**, Appellant,

v.

Mary Jane **HALEY** and E. L. Haley,
Respondents.

No. 53528.

Supreme Court of Missouri,
Division No. 1.

Oct. 14, 1968.

Harry L. Porter, Marceline, for appellant.

Somerville, Cleaveland & Macoubrie, David P. Macoubrie, Chillicothe, for respondents.

LAURANCE M. HYDE, Special Commissioner.

Action for $25,000.00 damages for personal injuries. Verdict was directed for defendant E. L. Haley and the jury found for defendant Mary Jane Haley. Plaintiff has appealed from the judgment entered.

■ Defendants say the appeal should be dismissed because defendant failed to comply with Rule 82.19 V.A.M.R. (no written order for transcript filed in the Circuit Court) but this court has previously overruled a motion to dismiss on that ground. Although the trial court could not extend the time for filing the transcript because of this rule, an appellate court for good cause shown may grant further time for taking steps necessary to secure appellate review. Civil Rule 83.26. This court has done so in this case. We note that defendants' counsel had approved the transcript by signing it before it was filed here.

Plaintiff claims to have been injured when the automobile he was driving was struck from behind by an automobile driven by defendant Mary Jane Haley, June 6, 1961. Suit was brought in April 1962 but was not tried until August 30, 1967. Plaintiff-appellant says "the physical facts pertaining to the collision are not related to the issues involved in this appeal." Therefore, it is only necessary to state that plaintiff's car was the last of a string of twelve cars following a large house trailer which slowed to go over bridges twice in a creek bottom on Highway 36 near Laclede; and that plaintiff had slowed to about five miles per hour when struck. The left front brake hose of the car driven by Mary Jane Haley was found broken and brake fluid lost. One of the issues was whether this had occurred just before the collision so that she was without brakes to stop her car. The collision occurred at the second bridge and Miss Haley said her brakes stopped her car at the first bridge.

Plaintiff had no insurance and was required by the Motor Vehicle Safety Responsibility Law (Ch. 303, RSMo, V.A.M.S.) to get a release from the Haleys, or deposit security in an amount to be determined by the State Director of Revenue, to retain his driver's license. The Haleys did sign a release and claim this was an accord and satisfaction which released them from liability, citing Eberting v. Skinner, Mo. App., 364 S.W.2d 829; Farmer v. Arnold, Mo.Sup., 371 S.W.2d 265; Lugena v. Hanna, Mo.Sup., 420 S.W.2d 335. In all of these cases a summary judgment was entered for the defendants and affirmed on appeal, the Lugena case being almost identical with defendants' version of the facts in this case. Defendants testified that

plaintiff came to their farm home with a representative of MFA Insurance Company; which had insured them, and requested them to sign a Safety Responsibility Law release so plaintiff could keep his driver's license and they did so. They and the MFA agent said plaintiff said he was not injured. Plaintiff denied that he went to defendants' home with the MFA agent and said the agent told him he could get a release from defendants but he said he did not want it and would post bond. Plaintiff said the agent nevertheless did get a release from defendants and wanted to give it to him but he would not take it because he did not want to release them. Plaintiff said he did take it about a week later after the agent told him it would not release them. Plaintiff contends there was a fact issue as to the effect of this release but the issue of whether plaintiff was induced to accept the release on the agent's representation that it would not release defendants from liability to plaintiff was submitted to the jury, as was the issue of negligence of Mary Jane Haley. As noted the jury found in her favor, the court having directed a verdict for her father, E. L. Haley, at the close of all the evidence.

■ Plaintiff in his brief claims error in refusing his offer of proof during his rebuttal testimony that MFA made substantial payments to him for repair of his car after the procurement of the Safety Responsibility release. Plaintiff says that this evidence was admissible to show the parties did not consider the Safety Responsibility release to be a release of the defendants. This is a different claim from that made in plaintiff's motion for new trial which said nothing about the refusal of any offer of proof. The ground stated in the motion was the court erred in not allowing plaintiff to testify as to the amount paid for repair of damages to his vehicle–saying such amount would have shown there was a violent impact which caused extensive damage. This went to refute defendants' evidence of a light contact, which included testimony of the highway patrolman who came to the scene while the cars were there. He estimated the difference in speed between the two cars at time of impact as approximately 10 miles per hour. He said the damage to the rear of plaintiff's car was minor. However, plaintiff was permitted to describe extensive damages to his car in detail but was not permitted to state the amount paid in dollars for the repairs. Our conclusion is that the claim of error now made was not presented in plaintiff's motion for new trial as required by Civil Rule 79.03 and therefore not preserved for appellate review. Furthermore, as to the claim now made the MFA agent testified he "authorized to have his (plaintiff's) car fixed at Brookfield" but that he was transferred to another territory before the repairs were completed. Thus the jury was informed that the MFA agent had obligated his company for repairs and plaintiff did not sue for damages to his car.

■ Plaintiff also claims error in directing a verdict for defendant E. L. Haley, owner of the car driven by his daughter Mary Jane Haley. The claim as to his liability was that he permitted his daughter to drive his car knowing her to be a careless and imprudent driver, citing Roark v. Stone, 224 Mo.App. 554, 30 S.W.2d 647, and Dinger v. Burnham, 360 Mo. 465, 228 S.W.2d 696, in both of which the drivers were under the required legal age for drivers. Plaintiff cites also 8 Am.Jur.2d 125, Automobiles and Highway Traffic, Sec. 573, stating the basis for liability for entrusting a car to an incompetent driver, and Saunders v. Prue, 235 Mo.App. 1245, 151 S.W.2d 478, in which the evidence was held insufficient to make a case against the owner of the car. The evidence relied on in this case was plaintiff's testimony that E. L. Haley told him after the collision that he was afraid Mary Jane was going to have something like this happen because she like one of his sons "was always pouring it on and then stop real quick." Mr. Haley denied this and it was shown that Mary Jane had a driver's license, had been driving about one year and had been selected as

a 4-H Safety Delegate to a state conference because of her work in safety. At the time of the collision she was taking her younger sister to Linneus and "was to return home to pick up my folks." However, we do not need to decide whether the alleged statement of E. L. Haley was sufficient to make such a case against him because he would only be liable for damages caused by her negligence and the jury found in her favor. This means the jury either found she was not negligent or that plaintiff had released any claim he could have had against either of them. This is a situation similar to Max v. Spaeth, Mo.Sup., 349 S.W.2d 1, in which we affirmed a summary judgment holding release of an employee from liability for tort operates to release his employer, pointing out "if there is a verdict discharging the one defendant for whose negligence only it is sought to hold the other defendant, no judgment can be based thereon against either defendant." 349 S.W.2d l. c. 3. We also said therein: "Certainly the same rule should apply when the question of a servant's liability is finally determined by a release as when it is determined by a verdict." 349 S.W.2d l. c. 3. Therefore, in this case, E. L. Haley could not be held liable if his daughter either was not negligent or had been released and furthermore if she had been released he also had been released by the Safety Responsibility release both had signed. See also England v. Yellow Transit Co., 240 Mo.App. 968, 225 S.W.2d 366; Bacon v. United States (8 Cir.), 321 F.2d 880; Cox v. City of Freeman (8 Cir.), 321 F.2d 887; Annotation, 92 A.L.R. 2d 540. Because of the issue about the release, the jury was fully informed about defendants having MFA liability insurance. We hold that directing a verdict in favor of defendant E. L. Haley could not have been prejudicial error under the circumstances of this case where the jury's verdict was in favor of Mary Jane Haley, the driver of the car.

■ Plaintiff makes a further claim of error in refusing to admit in evidence X-rays of plaintiff taken in July 1961. As

stated in Clark v. Reising, 341 Mo. 282, 107 S.W.2d 33, 35: "[A]s the jury found against plaintiff on the merits the rejection of * * * testimony * * * about plaintiff's X-rays which concerned only the extent of the injuries and thereby the amount of damages, cannot be asserted as grounds for reversal." We have the same situation here. For numerous other cases stating this rule see West's Missouri Digest, Appeal and Error, ☜1056(4).

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.