**Charles Alvin DAVIS and Evelyn J. Davis and Gladys E. Bovard, Appellants,**

v.

**Jane Leone FISKE, Respondent.**

**No. 29696.**

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

John J. McFadden, Sr., Kansas City, for appellants.

F. Russell Millin, Kansas City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Action for damages for personal injuries claimed to have arisen from automobile collision. Count I of petition sought $5,000 damages on behalf of Charles A. Davis for loss of services of his wife, Evelyn J. Davis. Count II was by Evelyn Davis for $25,000 damages for her injuries. Count III was by Charles A. Davis for $10,000 damages for his personal injuries. Count IV was by Gladys E. Bovard for $25,000 for her personal injuries. Jury trial resulted in verdict for defendant on all counts. After their motion for new trial had been overruled, plaintiffs appealed.

The issues on this appeal include (1) whether plaintiffs are entitled to a new trial on the grounds that the verdict was contrary to the undisputed evidence; (2) whether defendant improperly injected issue of seat belts into trial; (3) whether plaintiffs are entitled to a new trial because of an unobjected to statement by defendant's counsel in closing argument that "plaintiff must prove they were not negligent;" (4) whether the above claims of error entitle plaintiffs to relief; (5) whether plaintiff Evelyn Davis was improperly prevented from showing of loss of earning capacity as a result of her injuries, and (6) whether the trial court erred in refusing to permit Evelyn J. Davis voluntarily to dismiss her claim after trial had begun.

On February 22, 1971, Charles A. Davis was the driver of, and his wife, Evelyn J. Davis, a front seat passenger, and Evelyn's mother, Gladys E. Bovard, a rear seat passenger in, a Chevrolet station wagon. Davis stopped his vehicle at the intersection of Routes 69 and 45 in Platte County, in observance of a posted stop sign. The stop sign was some 80 feet from the edge of the intersection and when Davis reached that point, he stopped again because of oncoming traffic. Jane L. Fiske was driving a Pontiac automobile behind and in the same direction as the Davis vehicle. She saw the Davis vehicle stop for the stop sign and when she reached the sign, she too stopped.

She then went forward and started looking at the traffic. She failed to see that the Davis auto had stopped again and collided with the rear end of the Davis car.

Charles Davis said that the force of the collision caused him to hit his chest against the steering wheel, resulting in soreness to his neck and shoulders. There was evidence of $60 medical expenses on his behalf. He said that his wife was "subconscious" following the collision and an ambulance was called and she was taken to the St. Joseph Hospital Emergency Room. Ms. Bovard said that the force of the collision threw her to the floor and her knee struck the hard part of the back of the front seat and when the car "jolted back it threw my back against the edge of the back seat and kind of jerked me around that way." She stated that her "right knee was bruised and injured and has a knot on it," along with a blood blister on the kneecap.

Ms. Davis testified that, after their car stopped the second time, she remembered only "like an electric shock that went from my head clear down my back and the next thing I know I woke up in St. Joseph Hospital emergency room * * *." Following the accident she suffered back pain which prevented her from doing manual work she had been accustomed to doing before. She lost ten days from her work as a clerk at Panhandle Eastern Pipeline Company, but lost no wages. Her evidence showed physicians', hospital and ambulance expenses of $188.50.

Dr. John T. Skinner, M.D., testified that he saw the three plaintiffs at the St. Joseph Hospital Emergency Room on February 22, 1971. Ms. Davis appeared to be the most seriously hurt. He X–rayed her neck and found no fractures. He looked at Ms. Bovard's swollen and bruised knee and Mr. Davis's chest. On March 5, 1971, he saw Ms. Davis in his office and because of her complaint of lower back pain, he took lumbosacral X rays but found no fractures or dislocations in her back. He stated that in his opinion Ms. Davis had suffered a "cervical neck sprain and a lumbosacral sprain, mainly a sacroiliac sprain." He stated that

he found muscle spasms in Ms. Davis's back in 1974 and 1976 examinations and he was of the opinion that she had a permanent back injury.

Both autos were operable after the collision. The rear bumper of the Davis vehicle was dented, the rear door, the tail light and left fender were bent.

Suit was filed April 4, 1975 and the case tried April 11, 1977.

The claim of each of the plaintiffs was submitted on the "rear end" theory, MAI No. 17.16. As to each of the plaintiffs, defendant submitted an instruction conversing damages only (MAI No. 33.02(3)). A jury returned a verdict for defendant on each count.

In this court, appellants first contend that the verdict was the result of bias and prejudice and against the law and the evidence because the undisputed evidence supported the plaintiffs' right to recovery.

In their argument on this point appellants point to no occurrence at the trial which might have caused bias and prejudice toward them. They point to the facts which their evidence, along with the defendant's testimony, would show and draw the "inescapable conclusion" that they were entitled to verdicts in their favor in some amount.

The authorities relied upon by appellants fail to support this conclusion. Appellants have cited numerous cases discussing the elements and theory of the rear end doctrine, such as *Jones v. Central States Oil Co.*, 350 Mo. 91, 164 S.W.2d 914 (1942); *State ex rel. Spears v. McCullen*, 357 Mo. 686, 210 S.W.2d 68 (1948); *Witherspoon v. Guttierez*, 327 S.W.2d 874 (1959), and other cases. These citations would support the conclusion that a submissible case under the rear end doctrine was made by appellants in this case. However, that is *not* the issue presented by this appeal.

Appellants are here asking for a new trial on the grounds that their uncontradicted evidence entitled them to a favorable verdict. They have, however, overlooked the oft-repeated rule stated in *Cluck v. Abe*, 328 Mo. 81, 40 S.W.2d 558, 559[1–3] (1931):

" * * * The burden was not on the defendant, but was on the plaintiff to make out the case stated in his petition. In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence be uncontradicted and unimpeached."

That rule answers the complaint of the appellants' first point.

Appellants' second point concerns the trial court's ruling on the course of the following interrogation by defense counsel of Ms. Davis:

"Q. The car that you were riding in was equipped with seat belts?

"MR. McFADDEN: If Your Honor please, Mr. Millin asked that question two or three times and, under the law, the State of Missouri, I think, there's absolutely no reason this question should be asked of these people. He's asking it as though it were a mandatory thing, under the laws of Missouri, and I object to it because of it's not a proper question to ask these people.

"THE COURT: Objection overruled.

"THE WITNESS: Do you want me to answer the question?

"Q. (By Mr. Millin) I think so.

"A. No, I didn't have the seat belts on.

"Q. I didn't ask you that, I said, was your car equipped with seat belts?

"A. Yes, sir, I didn't have it on.

"Q. Did it also have a headrest back here?

"A. Yes, sir, I believe all the late model cars do."

As the objection of appellants' counsel indicates, this was not the first time that the subject of seat belts had arisen. Previously in the recross-examination by defense counsel of Mr. Davis, the following occurred:

"Q. Your car was drivable, you drove it home?

"A. I drove it.

"Q. Both cars were drivable?

"A. I guess, mine was, I don't know if hers was or not.

"Q. Your car was equipped with seat belts?

"A. Yes.

"Q. They were not being used?

"A. No.

"Q. And you had head rests in back?

"A. Yes."

In this court, appellants' counsel would excuse the absence of objection to this questioning on the grounds that he considered the question about use of seat belts to have referred to the time at which Davis drove away from the accident. Although the question asked Mr. Davis did not specifically refer to the use of seat belts at the time of the collision, the clear import is that such time was the time intended, the use of seat belts in driving away from the collision scene being entirely without significance.

Appellants' explanation cannot avoid the effect of the rule that they may not be heard to complain of the admission of testimony of Ms. Davis when testimony of the same tenor had been received from Mr. Davis without objection. *State ex rel. State Highway Commission v. Warner,* 361 S.W.2d 159, 164[7, 8] (Mo.App.1962); *Baker v. Woodbury,* 492 S.W.2d 157, 159[2–4] (Mo. App.1973).

Appellants next complain of the statement of defense counsel in closing argument: "Plaintiff had the duty to prove they were not negligent." The lack of any objection at trial precludes any finding of error in this matter on the part of the trial court.

 Appellants state that the cumulative effect of the above three matters should entitle them to a new trial. There being no basis for a finding of error in any of the three points, the cumulative effect of the trial court's rulings would not warrant relief. Neither of the matters in Points II and III calls for relief under the plain error rule.

 Appellants complain of the trial court's exclusion of evidence designed to show that Ms. Davis, by reason of her injuries, was unable, following the accident, to work on various building projects which she and her husband had undertaken.

There is no need to detail the evidence and the offer of proof. Regardless of the propriety of the trial court's ruling, the matter affords no basis for relief on this appeal. The evidence excluded went to Ms. Davis's damages. The jury having found against her on the issue of liability, any error in the exclusion of evidence relating to damages becomes harmless error. *Jackson v. Haley*, 432 S.W.2d 281, 284[4] (Mo. 1968).

 When the trial court sustained defense objection to the evidence and offer of proof pertaining to Ms. Davis's impaired earning capacity, counsel moved to dismiss her claim. Defense counsel objected and the trial court refused to permit the dismissal. In presenting their claim of error here, appellants' counsel merely asserts that the action of the trial court was an abuse of discretion. No argument or authority is advanced to demonstrate an abuse of discretion. Appellants have not carried their burden of showing error on the part of the trial court.

Judgment affirmed.

All concur.